**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

EDWARD ORTIZ,

                             Petitioner,

     v.                                              No. 06-CV-285
                                                         (LEK/DRH)

T.R. CRAIG,

                             Respondent.
-----------------------------------------------------------------

**APPEARANCES:**                        **OF COUNSEL:**

EDWARD ORTIZ
Petitioner Pro Se
No. 14506-014
Federal Correctional Institution
Post Office Box 9002
Ray Brook, New York 12977

HON. GLENN T. SUDDABY              CHARLES E. ROBERTS, ESQ.
United States Attorney for the           Assistant United States Attorney
   Northern District of New York
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

      Petitioner pro se Edward Ortiz ("Ortiz") is currently an inmate in the custody of the Federal Correctional Institution at Ray Brook, New York ("Ray Brook"). Ortiz's incarceration results from his conviction in the District of Connecticut in 2003 for possession of a firearm by a convicted felon for which he was sentenced to 120 months imprisonment. Ortiz was found guilty on July 26, 2004 by the Discipline Hearing Officer ("DHO") at Ray Brook for a violation

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

of Code 104 (Possession, Manufacture, or Introduction of a Weapon).  See Docket No. 5, Ex. F.  The DHO imposed sixty days Disciplinary Segregation and a loss of forty days of good conduct time ("GCT").  See id.  Ortiz now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that (1) he was denied his procedural due process rights in the revocation of forty (40) days GCT, (2) the DHO "failed to demonstrate even the meager standard of 'some evidence' to support the sanctions," and (3) the reviewer of his administrative appeal failed adequately to state why he failed to consider Ortiz's exculpatory evidence.  For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On July 19, 2004, corrections officers conducted a search of Ortiz's cell, which he shared with another inmate.  Docket No. 5, Ex. B.  The searching officers discovered a weapon with a wooden handle and a sharpened steel blade sticking out of the handle.  Id.  The weapon had a shoe string tied to it and was hidden inside a holes underneath a locker in the cell that contained the personal property of Ortiz's cell-mate.  Id.  The locker was bolted to the floor and was the closest to the bunks.  Id.  Ortiz and his cellmate were placed in the Special Housing Unit ("SHU")[2] and Lt. W.R. Evans ("Evans") began an investigation into the incident on July 20,

---

[2]Inmates may be confined to SHU for discipline, protection, or other reasons.

The SHU at FCI Ray Brook is comprised of a series of first and second floor cells, visible from a central hub area. Each cell includes a door with a small plexiglass window and an additional port, described as a "wick", which can be unlocked and opened for use in applying and removing hand restraints from inmates. While in SHU confinement, BOP inmates are typically confined to their cells twenty-three hours a day, and are afforded daily recreation during weekdays for a period of one hour.

2004. Id.

The investigation by Evans included an interview with Ortiz at which Ortiz claimed that the weapon was not his and that he did not wish to call any witness during the investigation. See Docket No. 5, Ex. B. Evans concluded that because the weapon was accessible to Ortiz it was reasonable to assume that it belonged to him, the incident report was true, and action was warranted by the Unit Disciplinary Committee ("UDC"). Id.

Ortiz received an administrative hearing on July 22, 2004 before the UDC at which time he reasserted his claim that the weapon was not his. See Docket No. 5, Ex. B. The UDC referred the charge to the DHO for a further hearing after the initial hearing. Id. Ortiz was given notice of the hearing to be conducted by the DHO on July 22, 2004. Docket No. 5, Ex. D. Ortiz was informed of his rights at the hearing, requested a staff representative to assist him, and stated that he did not wish to call any witnesses. Docket No. 5, Exs. D & E.

The DHO hearing was held on July 26, 2004. Docket No. 5, Ex. F. The staff representative that Ortiz had request did not appear at the hearing, but Ortiz waived his right to postpone and decided to continue the hearing without the staff representative. Id. During the hearing, Ortiz did not call any witnesses on his behalf but again stated that the weapon was not his and that he did not know it was there. Id. Ortiz also stated that he did not think to look in a hole under the bolted locker but admitted that he knew he was responsible for keeping his cell-area free of contraband. Id.

The DHO found Ortiz guilty. Docket No. 5, Ex. F. The DHO found that the denials by

---

Bacon v. United States, No. 9:01-CV-1688 (DEP), 2007 WL 4224639, at *1 (N.D.N.Y. Nov. 27, 2007).

Ortiz did not "exonerate" Ortiz from the failure to keep his cell free of contraband and that the accessibility of the weapon to both Ortiz and his cellmate made it appropriate to hold them both responsible. Id. Ortiz was sentenced as indicated above. Docket No. 5, Ex. F. Ortiz timely appealed the decision to the Regional Administrative Office for the Northeast Region. See Docket No. 1. The Regional Reviewer was provided a signed letter from Ortiz's cellmate in which the cellmate claimed that the weapon belonged to him and not to Ortiz. Id. The reviewer denied Ortiz's appeal, adopted the DHO's findings, and questioned the authenticity of the cellmate's letter. Id. In September 2004, Ortiz appealed the Regional Reviewer's decision to the BOP's Central Office. With this appeal, Ortiz included a notarized letter from his cellmate. This appeal was denied and this action followed.

## II. Discussion

### A. Due Process

Ortiz contends that he was not afforded the minimum requirements of procedural due process in the revocation of forty days GCT but fails to identify which procedures he was denied.

GCT constitutes a constitutionally cognizable liberty interest requiring procedural due process protections before an inmate may be deprived of it. Wolff v. McDonnell, 418 U.S. 539 (1974). Due process requires at a minimum "(1) advanced written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the

disciplinary action." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67).

Ortiz was given formal notice of the charges on July 21, 2004 and was notified of the hearing before the UDC to be conducted on July 22, 2004, at which time Ortiz request a staff representative but declined to request any witnesses to appear on his behalf. The notice was given to Ortiz exactly twenty-four hours before the hearing and thus met the minimum requirement for notice set by Wolff. Ortiz waived his right to call witnesses at the hearing on his notice of the hearing and did not call any witnesses on his behalf. The only evidence offered by Ortiz at the hearing was his own testimony that the weapon was not his and that he did not think to look under the locker to ensure that there was no contraband in his cell. Finally, a written report was filed and a copy was provided to Ortiz in which the DHO rendered his decision and explained the reasoning for his decision. In the decision the DHO explained how the evidence was weighed and analyzed. Thus, Ortiz was provided the minimum procedural due process rights required by Wolff.

Therefore, the petition on this ground should be denied.

### B. "Some Evidence"

Ortiz contends that the findings by the DHO were based on an erroneous standard of proof and the evidence did not support the sanctions imposed.

The decisions of disciplinary boards receive great deference but must nevertheless be supported by "some evidence." Hill, 472 U.S. at 454-55; Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988). Review of a disciplinary board's decision does not entail examination and weighing the complete record. Rather, it requires a reviewing court to determine if

there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56.

In this case, Ortiz was found guilty based on the evidence presented to the DHO at the time of the hearing. The hearing officer was given a photograph of the weapon, a summary of Ortiz's statement denying he owned the weapon or knew it was there, an admission by Ortiz that he knew he was responsible for keeping his cell free from contraband, and the report of the investigating officer that the weapon was accessible to anyone in the cell. It was based on this evidence that the hearing officer determined that both Ortiz and his cellmate had violated Code 104.

It is not the function of a reviewing court to determine whether such a conclusion "logically precludes any conclusion but the one reached by the disciplinary board," but only that there is "some evidence" to support the findings. Hill, 472 U.S. at 456-57. The presence of the weapon inside Ortiz's cell and accessible to Ortiz could reasonably lead to a determination that such a weapon was within the control of Ortiz and his cell-mate. The location and accessibility of the weapon to both Ortiz and his cellmate constituted at least "some evidence" to support the finding of Ortiz's guilt by the DHO.

Therefore, the petition on this ground should be denied.

### C. Exculpatory Evidence

Finally, Ortiz contends that the Administrative Reviewer failed adequately to consider the exculpatory evidence submitted by Ortiz on his administrative appeal.

An appeal from the UDC or DHO is limited to considering:

(a) Whether the Unit Discipline Committee or the Discipline Hearing

-6-

Officer substantially complied with the regulations on inmate discipline; (b) Whether the Unit Discipline Committee or Discipline Hearing Officer based its decision on some facts, and if there was conflicting evidence, whether the decision was based on the greater weight of the evidence; and (c) Whether an appropriate sanction was imposed according to the severity level of the prohibited act, and other relevant circumstances.

28 C.F.R. § 541.19 (2007).

Ortiz's claim here essentially contends that respondent violated his right to due process when Ortiz's proffered newly discovered evidence of his actual innocence, that his cellmate accepted responsibility for the weapon, was not adequately considered on administrative appeal. First, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993) (denying habeas review in a death penalty case). No such violation is alleged or shown in Ortiz's underlying disciplinary proceedings here. Therefore, on this ground alone, this claim should be denied.

Second, even considering the proffered new evidence and even deeming it credible, that evidence does not establish Ortiz's innocence of the offense for which he was found guilty. That offense charged Ortiz with, inter alia, possessing the weapon. As discussed above, Ortiz's ready access to the weapon in his cell sufficed to demonstrate possession for purposes of the charge here. The fact that Ortiz's cellmate thereafter claimed that the weapon was his does not vitiate the fact that for purposes of the charge here, there was at least some evidence that Oritz jointly possess the weapon. Therefore, even if the new evidence is considered and credited, it fails to negate Ortiz's guilt. See Herrera, 506 U.S. at 417-19 (holding that even if claim of actual innocence were considered, petitioner made insufficient showing to warrant relief).

Finally, on administrative appeal to the administrative reviewer, the hearing was found to have complied with the statutory requirements. Ortiz challenges the adequacy with which the reviewer excluded the exculpatory evidence he provided. The notarized admission from the cellmate was found by the reviewing officer to lack "sufficient credibility to override the DHO's determination" and the reviewer explained that the greater weight of the evidence supported the decision. The decision of the administrative officer that the cellmate's admission was not sufficient to set aside the ruling of the DHO constituted a weight-of-the-evidence issue that does not negate the existence of "some evidence" supporting Ortiz's conviction.

Therefore, the petition on this ground should be denied.
.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus (Docket No. 1) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: December 18, 2007
     Albany, New York

David R. Homer
United States Magistrate Judge